IN THE MATTER OF THE APPLICATION FOR THE REMOVAL OF A. H. KARATZ.[1]

February 13, 1925.

No. 23,686.

**Suspension of attorney for misconduct in presenting worthless check.**

    The conduct of an attorney who presents a check to the state treasurer in payment of fees for filing articles of incorporation with the secretary of state, when he has not sufficient funds in bank with which to pay it, and fails to take care of it for nearly a year and then only when a complaint is made with a view to disbarment, is, under the circumstances stated in the opinion, such as to require discipline.

    *Headnote 1. See Attorney and Client, 6 C. J. p. 599, § 58 (1926 Anno).

The secretary of the state board of law examiners petitioned for the removal of A. H. Karatz from his office as attorney at law of the state of Minnesota. The petition was heard by Molyneaux, J. Suspension for six months and public reprimand.

*Sherman Childs*, for respondent.
*Harold G. Cant*, for the state.

PER CURIAM.

The complaint of the Board of State Law Examiners against A. H. Karatz, of the bar of this court, was referred to the Honorable Joseph W. Molyneaux, judge of the district court of the Fourth judicial district, to report the evidence and make findings thereon

[1] Reported in 202 N. W. 74.

pursuant to L. 1921, p. 506, c. 334. The evidence was taken and findings made, which we adopt, and there were oral arguments on behalf of the board and of the accused.

On July 22, 1922, Karatz filed articles of incorporation of the Independent Burlap Bag Company in the office of the secretary of state and gave to the state treasurer his check for $175 in payment of the filing fee. It was presented for payment. There were not sufficient funds to meet it and it was not paid. It is his claim that one Jankowitz, who in some indefinite way was interested in the corporation, asked him to file the articles, and that he did so as a favor. Before filing he asked Jankowitz for the filing fees. Jankowitz did not have the money with him at the time, but promised to bring it to him or deposit it in the bank to his credit. This he did not do. It was found by Judge Molyneaux that Karatz had no purpose to defraud the state treasurer and that he believed that Jankowitz would pay him.

Karatz claims that he thought at the time he had sufficient money in the bank to take care of the check. Judge Molyneaux does not find this true. Hardly can it be true. From July 1 to July 22 the credit balance of Karatz was never in excess of $59.23. On July 22 it was $44.23. During July, up to the twenty-second, he had overdrafts on 8 different days. On the first 5 days in June he had a substantial credit balance. In the latter part of June his balance was small and often overdrawn. On July 24 he had a credit balance of $169.25 and on July 25 a credit balance of $162.86. His account dwindled, with frequent overdrafts, and apparently was closed on August 14. The treasurer's cashier testifies that Karatz, questioned when he presented the check because there had been trouble with a former check, said that the "check was perfectly good, as it was on a new bank, a different bank from the old one." Karatz denies this only to the extent that he says that he is confident that he never before gave a check to the treasurer which was dishonored. A public official, taking a check from an attorney in the payment of a fee or service, is justified in assuming that he is acting in his professional capacity. An attorney customarily attends to such matters. The accused cannot cast aside the charge

against him upon the theory that he was not acting professionally. And admission to the bar carries some assurance that confidence may be reposed.

Jankowitz did not pay Karatz. It does not seem that he cared much. His testimony is evasive and unsatisfactory and convicts him. But we are not trying him; nor can Karatz claim to be judged by a standard applicable to Jankowitz.

The conduct of Karatz is not excusable. He was willing to put Jankowitz in his place as the treasurer's debtor, and to prod him when the treasurer became insistent. There his interest ended. He was altogether too indifferent. He refused to appreciate that an obligation of a high character rested upon him to discharge the debt, and that he should make every effort and sacrifice. We do not overlook that he had sickness in his family and was under strain and was in financial straits. He has not chosen to disclose the particulars of his financial condition, his earnings and necessary expenses. In our judgment he exaggerates greatly, and naturally so, in the hope, rather confidently entertained, that generous sympathy will extenuate his shortcomings.

After complaint had been made to the board with a view to his disbarment and he was given an opportunity to explain before the board preferred formal charges, he paid to the treasurer the amount of his original check. This was on July 1, 1923, a few days short of a year. A careful perusal of the testimony convinces us that nothing but imminent disbarment proceedings induced the payment then. If not for them payment was to be made when Jankowitz paid and not otherwise. It matters little, so far as concerns this proceeding, whether the conduct of Karatz was the result of stubborn wilfulness or of a lack of appreciation of the obligations resting upon him as a member of the bar, which he assumed when he was granted its privileges. His conduct cannot go unnoticed. It does not call for absolute disbarment. It calls for discipline. He must be made to understand through actual suffering that he has done wrong; and he and the public must be assured that like conduct will not be countenanced.

The accused is suspended from the practice of law in the courts of this state for the period of 6 months from the date of the filing

of this opinion; and he will appear before·the court on Monday, the twenty-third day of February, 1925, at 9:30 in the forenoon, and submit to a public reprimand.   Upon his failure to appear such further judgment will be entered as is appropriate.   At the expiration of the period of suspension he may present to the court proof of his good conduct.   Strict proof must be made that during the period of his suspension he has not practiced or counseled, directly or indirectly, as an attorney at law.   If his proof is satisfactory he may then take the oath of office as an attorney and receive from the clerk a certificate that he is restored to good standing.   Upon his failure to appear, or, upon his failure to present proofs deemed sufficient, a judgment of disbarment or such other order or judgment as the court then deems proper will be entered.

The clerk will enter a formal judgment.

Judgment of suspension ordered.